In the Matter of the Petition of JOHN PAYNTER GORDON McPHEE to Be Admitted a Citizen of the United States.

Supreme Court, Columbia County, June 23, 1930.

*Merton A. Sturgess*, district director of naturalization, for the motion.

*John P. G. McPhee*, petitioner in person.

McNAMEE, J.   The petitioner filed the usual form petition for naturalization; his declaration to become a citizen was examined by the representative of the director of naturalization, and the director by letter suggested that the case be postponed because of the failure

to file proof of residence in the United States for the period of five years.

At the hearing the petitioner presented proof that he was a member of the National Guard of the State of New York, and had been transferred to the reserve service; and upon that proof the order was made admitting him to citizenship without proof of residence in the United States for five years.

The petitioner contended that under subdivision 7 of section 4 of the act approved May 9, 1918 (40 U. S. Stat. at Large, 542; U. S. Code, tit. 8, § 388), his entrance into the National Guard and service therein entitled him to citizenship without proof of residence for five years. Only by implication and careful analysis can the statute be said to negative this claim. There was no proof of the honorable discharge of the petitioner from the National Guard, but merely a transfer to the reserve; and, accordingly, it did not appear that he had honorably terminated that service, and there had been no prior enlistment.

Subdivision 7 of section 4 is a very involved statute whose language is illogical in arrangement, confused and uncertain in meaning. It has been thus regarded and referred to in a large number of cases decided in the Federal courts. Substantial research does not disclose that the precise question here has ever been decided. The question which appears necessary to answer here in order to dispose of the application to vacate the order in question, is whether an entry into the National Guard and service therein are sufficient to entitle a petitioner to become a citizen without the usual proof of residence. The statute is vague and uncertain on that question.

In so far as the statute is material here it provides that an alien who may hereafter enlist in the National Guard of any State, and while still in the service on a re-enlistment or a reappointment, or within six months after an honorable discharge or separation therefrom, may, on presentation of the required declaration of intention, petition for naturalization and be naturalized without complying with the requirement of residence within the United States. This language, " and while still in the service on a re-enlistment or reappointment," might seem to imply that a first enlistment is not a sufficient basis for the privilege sought by the petitioner, but that there must be a re-enlistment. But if the language is understood in that sense, and nothing more, it must be further understood that the original enlistment might not necessarily terminate in an honorable discharge; and it is difficult to accept the notion that a re-enlistment would have any civic virtue which was not based upon a previous discharge that was honorable.

It seems the better reading of the statute, in order to reach the

congressional intent, in view of the language that follows, that the "re-enlistment" simply prolongs the term within which an application may be based on service in the National Guard. And this intent abiding in the statute seems to become apparent if the language is given orderly arrangement and acceptable English form, by transposing the two clauses so as to read, *first*, "within six months after an honorable discharge or separation therefrom," and, *second*, "while still in the service on a re-enlistment or reappointment."

Thus understood the effect of the statute is that a member of the National Guard might present his petition and be naturalized within six months after an honorable discharge or separation from the National Guard, or while still in the service on a re-enlistment or reappointment. It seems clear that that is the purpose that the Congress had in mind, and which is so hidden by the language used.

And in view of the fact that the petitioner did not establish an honorable discharge from service in the National Guard, or that he was still in service on a re-enlistment, his petition should have been denied on that ground.

Accordingly, an order may be entered vacating the order of April 7, 1930, admitting the petitioner to citizenship, canceling the certificate of citizenship No. 3194964, and directing its return by the petitioner to the government.

In view of the suggestion now presented to the court by the director that proof satisfactory to him of residence for five years has come to his hands since the making of the order in question, and that the case should be continued, the case will remain on the calendar, stand adjourned, and will be considered in full at the next naturalization term.